JUDGE NATHAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK      12 CV 6964

| | |
|---|---|
| HANS-JUERGEN BENZE, | No. _____ |
| Plaintiff, | ECF Case |
| v. | COMPLAINT |
| ANTIQUORUM USA, INC., | JURY TRIAL DEMANDED |
| Defendant. | |



Plaintiff Hans-Juergen Benze, by and through his undersigned attorneys, Clarick Gueron Reisbaum LLP, for his complaint against defendant Antiquorum USA, Inc. alleges as follows, on knowledge as to himself and his own acts and on information and belief as to all other matters:

### Nature of the Action

1.      Plaintiff Hans-Jurgen Benze brings this action to recover his $166,800 purchase price for a counterfeit Rolex watch that Antiquorum sold to him at auction in April 2008. Under the "Conditions of Sale" governing the auction, Antiquorum guaranteed the authenticity of the watch and the accuracy its statements concerning the watch's origin, history, manufacture and physical characteristics. Rolex has now analyzed the watch and determined that it is *not* authentic and that Antiquorum's statements about it were materially false. Nevertheless, Antiquorum has refused to refund Benze's purchase price, in breach of the Conditions of Sale.

2.      Accordingly, with this action, Plaintiff seeks to enforce the Conditions of Sale and recover damages for Antiquorum's breach of its contractual obligations in an amount no less than $166,800.

### The Parties

3. Plaintiff Hans-Juergen Benze resides in and is a citizen of Germany.

4. Defendant Antiquorum USA, Inc. is a New York corporation with its principal place of business located at 595 Madison Avenue, New York, New York.

### Jurisdiction and Venue

5. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because plaintiff is a citizen of a foreign state not lawfully admitted for permanent residence in the United States; defendant is a citizen of the State of New York; and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over the defendant because it is registered to do business in New York and regularly transacts business in New York City.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and a substantial part of the conduct complained of herein occurred in this District.

### Factual Background

#### Plaintiff Purchases the Timepiece

8. At Antiquorum's April 17, 2008 "Revolution" auction, Plaintiff Benze purchased Lot 255 (Ref. 6265) a Yellow Gold "Paul Newman" Rolex (the "Timepiece") for $166,800, including $26,800 in fees.

9. In its auction catalogue, Antiquorum represented that the dial of the Timepiece was "in perfect condition" (grade 2), and that the Timepiece as a whole was in "Exceptional" condition (grade A).

10. The Antiquorum standard "Conditions of Sale" governed the terms of the

transaction.

11. In paragraph 2 of the Conditions of Sale, Antiquorum expressly warranted (1) that timepieces purchased at the auction are "not intentional forgeries," and (2) that the "general descriptions of the timepieces . . . appearing in the catalogue are true and correct as to matters relating to the origin, history, manufacture and physical characteristics of such timepieces . . . ."

12. In paragraph 2 of the Conditions of Sale, Antiquorum further promised a full refund of the purchase price for a breach of its warranties.

13. Finally, in paragraph 2, Antiquorum agreed that its warranties would continue for five (5) years from the date of sale, *i.e.*, until April 17, 2013.

**The Timepiece Is Discovered To Be Forged**

14. In November 2010, Benze sent the Timepiece for general service to Rolex Geneva, via the Rolex Service Centre and the reputable dealer "Bucherer Deutschland GmbH" in Munich.

15. On June 27, 2011, Rolex returned the Timepiece to Bucherer with a letter explaining that Rolex would not service the Timepiece because it has a forged dial ("einem gefälschten Zifferblatt"). Rolex also permanently engraved the case of the Timepiece (*i.e.*, the back of the watch) with the notation "xxx," indicating that official Rolex service centers should not service the Timepiece.

16. Benze promptly informed Antiquorum that Rolex had determined that the Timepiece contained a forged dial and offered to return the Timepiece in exchange for a full refund of the purchase price.

17. In the latter half of 2011 and early 2012, Benze exchanged e-mails and phone calls with representatives of Antiquorum, including with Linda Gould, Julien Schaerer, and

Chief Financial Officer Bruno Ayanian, in which he repeated his request.

18. Antiquorum refused Benze a refund, in breach of its contractual obligations, as set forth in the Conditions of Sale governing the April 17, 2008 auction.

19. *First*, Antiquorum sold an "intentional forgery"—a timepiece with a forged dial that Rolex now has branded "xxx." *Second*, Antiquorum provided a false description of the Timepiece's "origin, history, manufacture and physical characteristics" in its catalogue. Far from disclosing that the Timepiece had a forged dial (or even a replaced one), Antiquorum represented that the dial was "in perfect condition" (grade 2), and that the Timepiece as a whole was in "Exceptional" condition (grade A). *Third*, despite these breaches, Antiquorum has refused to refund plaintiff's $166,800, as paragraph 2 provides.

20. In Benze's correspondence with Antiquorum executives, Antiquorum offered a compromise, essentially admitting its liability but without offering to refund Benze his purchase price as required. Specifically, in lieu of a refund, Antiquorum offered to sell the Timepiece at auction—estimating approximately a $50,000 sale price—to remit the proceeds to plaintiff, and to provide a credit that could be used toward "further purchases" at Antiquorum to make up the difference.

21. Antiquorum's offer did not fulfill its obligations under the Conditions of Sale, which promises a full refund of the purchase price (*i.e.*, $166,800) under these circumstances.

22. In addition, the offer admits that, due to the forged dial, the value of the Timepiece is at least $100,000 less than Benze paid for it. The offer also confirms that the authenticity of the dial is the most substantial factor contributing to the value of the Timepiece.

23. By letter dated July 30, 2012, Benze, through counsel, demanded that Antiquorum fulfill its contractual obligations and refund the purchase price of the Timepiece. Antiquorum

4

did not respond.

## CAUSE OF ACTION
### Breach of Contract

24. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff and Antiquorum USA, Inc. formed a binding and enforceable contract by way of the Conditions of Sale accompanying plaintiff's purchase of the Timepiece at the April 17, 2008 auction, pursuant to which plaintiff paid $166,800 (including $26,600 in fees).

26. Plaintiff has performed fully his obligations under the Conditions of Sale by making full payment of the purchase price.

27. Antiquorum has failed its obligations under the Conditions of Sale.

28. In paragraph 2 of the Conditions of Sale, Antiquorum expressly warranted for five years from the date of the sale (1) that timepieces purchased at auction are "not intentional forgeries" and (2) that the "general descriptions of the timepieces . . . appearing in the catalogue are true and correct as to matters relating to the origin, history, manufacture and physical characteristics of such timepieces . . . ." Paragraph 2 further provides that, in the event of a breach, Antiquorum will provide a full refund of the purchase price following Benze's return of the Timepiece.

29. Antiquorum has breached its obligations: Antiquorum sold an "intentional forgery"—a timepiece with a forged dial that Rolex now has branded "xxx"; Antiquorum provided a false description of the Timepiece's "origin, history, manufacture and physical characteristics" in its catalogue, failing to disclose that the Timepiece had a forged dial (or even a replaced one) while claiming that the dial was "in perfect condition" (grade 2), and that the Timepiece as a whole was in "Exceptional" condition (grade A); Antiquorum refused to refund

plaintiff's purchase price.

30. Promptly after discovering that the Timepiece had a forged dial, plaintiff informed Antiquorum of the problem and offered to return the Timepiece. Antiquorum refused the offer.

31. As a direct result of Antiquorum's breach of the Conditions of Sale, plaintiff has suffered damages of no less than $166,800.

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a Judgment:

A. Awarding plaintiff compensatory damages in an amount to be determined at trial, but not less than $166,800, plus interest;

B. Awarding plaintiff his costs, expenses, disbursements and reasonable attorneys' fees in an amount to be determined at trial; and

C. Awarding plaintiff such other relief as the Court deems just and proper.


Dated: September 13, 2012
      New York, New York

CLARICK GUERON REISBAUM LLP

By: _____
Gregory A. Clarick
Aaron H. Crowell
40 West 25th Street
New York, NY  10010
Phone: (212) 633-4310
Fax: (646) 478-9484

*Attorneys for Plaintiff Hans-Juergen Benze*